| | |
|---|---|
| JOHN DOE #1, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:16-cv-02862 |
| | ) JUDGE RICHARDSON |
| WILLIAM B. LEE, et al., | ) |
| Defendants. | ) |

| | |
|---|---|
| JOHN DOE #2, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:17-cv-00264 |
| | ) JUDGE RICHARDSON |
| WILLIAM B. LEE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The Court previously ruled in these consolidated actions on the following motions: (1) Defendants' Motion for Summary Judgment Against John Doe #1 (Doc. No. 73); (2) Defendants' Motion for Summary Judgment Against John Doe #2 (Doc. No. 79); and (3) Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 66, "Partial Summary Judgment Motion"). The Court issued a Memorandum Opinion and Order granting in part and denying in part all three motions. (Doc. Nos. 115, 116). Therein, the Court granted Plaintiffs' summary judgment motion regarding Plaintiffs' claim that the Tennessee Sexual Offender and Violent Sexual Offender Registration Verification and Tracking Act of 2004 (hereinafter "SORA"), as applied to Plaintiffs, violated the Ex Post Facto Clause of the United State Constitution. (Doc. No. 116). In its Order, the Court deferred ruling on three issues and ordered supplemental briefing from the parties on the following

1

issues: (1) whether a permanent injunction should be issued and, if so, what its scope should be, (2) Plaintiffs' request for declaratory relief, and (3) Plaintiffs' request for attorney's fees. (*Id.* at 3). Plaintiff has filed a supplemental Memorandum regarding these outstanding issues. (Doc. No. 119). Defendant has filed a Response. (Doc. No. 120). Plaintiff has filed a Reply with a supporting declaration. (Doc. Nos. 121, 123).

## DISCUSSION

### A. Permanent Injunction

#### a. Legal standard

In order to obtain a permanent injunction, a plaintiff must satisfy a four-factor test: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

#### b. Discussion

Plaintiffs request a permanent injunction enjoining enforcement of SORA against them and to not be included on the Tennessee sex offender registry ("SOR") in the future. (Doc. No. 119 at 1-2). Defendant does not dispute that each of the four factors are met in this case:

> Because the Court concluded that SORA's application to Plaintiffs by the Defendants is unconstitutional under the Ex Post Facto Clause, Defendants do not now dispute that Plaintiffs have suffered an irreparable injury. Nor do Defendants contend that monetary damages would adequately compensate for that injury. Third, based on the irreparable injury that follows from the Court's ruling and the inadequacy of other remedies, the balance of hardships weighs in Plaintiff's favor. And fourth, it is well-settled that "the public interest is served by preventing the violation of constitutional rights." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 436 (6th Cir. 2004).

(Doc. No. 120 at 4). Plaintiffs argue that a permanent injunction is warranted in this case for similar reasons. (Doc. No. 119 at 3-5). The Court agrees with both parties' analysis that each and every one of the four factors is met in this case. Regarding the first factor, the Court has already found that SORA is unconstitutional as applied to Plaintiffs. (Doc. Nos. 115, 116). Regarding the other factors, the Court finds that monetary damages would be insufficient to compensate for the constitutional violation, the balance of hardships weighs in favor of Plaintiffs, and the public interest would not be disserved by enjoining the enforcement of SORA and the inclusion of Plaintiffs on the SOR. The Court therefore finds that a permanent injunction is warranted in this matter.

Thus, the Court must turn to the scope of the injunction. Plaintiffs argue that the Court should enjoin the entirety of the statute against them and that they should no longer be included on the SOR. (Doc. No. 119 at 7-9). Defendants do not seem to contest the scope of the injunction. (Doc. No. 120 at 4).

The Court had previously expressed concerns that it was unclear which specific part of SORA Plaintiffs wished to enjoin, or whether they wished to enjoin the statute in its entirety. (Doc. No. 115 at 83). The Court also previously found that elision (declaring some parts of SORA unconstitutional but severable form the remaining parts deemed constitutional) would be inappropriate in this matter, since the Court declared SORA unconstitutional only as applied to Plaintiffs. (*Id.* at 82). Plaintiffs argue that SORA should be viewed as a whole, and so the entire statute should be enjoined. (Doc. No. 119 at 5-10). Defendants do not seem to contest that Plaintiffs are entitled to a permanent injunction that enjoins the entirety of SORA. (Doc. No. 120 at 4). Therefore, the Court finds that it is appropriate to enjoin the entirety of SORA, albeit only as it applies to Plaintiffs.

In its previous memorandum opinion, the Court also expressed concerns regarding granting relief to Plaintiffs in the form of their removal from the SOR. (Doc. No. 115 at 83 n.57). The Court noted that though Plaintiffs indicate in their Complaints that there is no mechanism for removal from the SOR, the statute provides for a sex offender to be taken off the SOR by filing certain documentation after a designated time period with the Tennessee Bureau of Investigation ("TBI"). Tenn. Code Ann. § 40-39-207(a)(1); (Doc. No. 155 at 83 n.57). The parties had not previously briefed the issue of whether Plaintiffs would be able to terminate their inclusion on the SOR through this mechanism. The supplemental briefing has revealed that the reference to "life of that offender" in Tenn. Code Ann. § 40-39-207(g)(2) regarding those convicted of a violent sexual offense or an offense in which the victim was a child of twelve years of age or less (such as Plaintiffs) has been interpreted by the TBI as meaning that these individuals cannot be removed from the SOR by the mechanism in Tenn. Code Ann. § 40-39-207(a)(1). Plaintiffs point to language on TBI's website, which clearly states that an individual with a "violent" conviction is "not eligible for removal from Tennessee's Registry." (Doc. No. 119 at 2 n.1); Tennessee Bureau of Investigation, *Termination FAQs*, https://www.tn.gov/tbi/general-information/redirect-tennessee-sex-offender-registry-search/termination-faqs.html (last visited April 5, 2021). In their Response, Defendants concur with Plaintiffs' understanding that Plaintiffs are not eligible to be removed from the SOR. (Doc. No. 120 at 3). Therefore, as Plaintiffs cannot remove themselves from the SOR through the mechanism in the statute, the Court will order that they no longer be included on the SOR.

Therefore, the Court finds the appropriate scope of the permanent injunction to be to restrain and enjoin Defendants[1] from:

1. Enforcing the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, as amended and codified at Tenn. Code Ann. § 40-39-201–§ 40-39-218, against Plaintiffs
2. Requiring Plaintiffs to comply with any portion of SORA
3. Including the continued publication of Plaintiffs' information on the sex offender registry.

B. <u>Declaratory Relief</u>

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C.A. § 2201(a). The Supreme Court has held that the Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). When determining whether a district court has properly exercised its discretion under the Declaratory Judgment Act, the Court of Appeals usually considers five factors:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

---

[1] Fed. R. Civ. P. 65(d)(2) provides that: "The order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Plaintiffs and Defendants all seem to agree that other agencies and law enforcement officers will need to abide by this injunction once they are provided notice. (Doc. No. 120 at 2; Doc. No. 121 at 3). Because of the large number of agencies and individuals who would or could fall within the scope of Rule 65(d)(2) and should receive notice of this permanent injunction, the Court will additionally order Defendants to facilitate the notice process.

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata";
(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
(5) whether there is an alternative remedy which is better or more effective.

*Doe v. Vanderbilt Univ.*, No. 3:18-CV-00569, 2019 WL 4748310, at *11 (M.D. Tenn. Sept. 30, 2019) (citing *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)).

Plaintiffs argue that the relevant factors weigh in their favor.[2] According to Plaintiffs, the Court should not settle this action only by granting injunctive relief, because 1) a declaratory judgment would distill the Court's ruling into final judgment form, and 2) a declaratory judgment would provide in plain terms that SORA may not be enforced against Plaintiffs. (Doc. No. 121 at 2). Plaintiffs also argue that a declaration would clarify SORA's inapplicability to Plaintiffs and that a declaration would complement an injunction. (Doc. No. 119 at 14). Defendants do not seem opposed to the Court granting declaratory relief, arguing only that the Court might instead settle this case only by granting injunctive relief. Defendants state that:

> The Court has concluded "that SORA is unconstitutional as applied to Plaintiffs." (D.E. 115, PageID# 2476). Earlier in this litigation, in ruling on the motions to dismiss, this Court acknowledged, "Much of the administrative responsibility falls on the TBI, but the responsibility of case-by-case enforcement is shared by various local police and prosecutors." *Doe v. Haslam*, No. 3:16-CV-02862, 2017 WL 5187117, at *10 (M.D. Tenn. Nov. 9, 2017). Consequently, the second and fifth factors weigh heaviest in favor of declaratory relief: the only Defendants in this case are officials of the State of Tennessee, yet as a result of the Court's conclusion that SORA violates Ex Post Facto protections as applied to Plaintiffs, far more agencies are implicated than just the Defendants.
>
> That said, this Court could also settle this action by only granting injunctive relief (the first factor). And the third and fourth factors have little weight here. Accordingly, if this Court exercises its discretion in granting declaratory relief, Defendants propose that the Court's grant of relief be to declare that the application of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, Tenn. Code Ann. §§ 40-39-201 to -218, as

---

[2] Factors three and four are not relevant to this analysis.

6

applied to Plaintiffs by the Defendants in this case in their official capacities, is unconstitutional under the Ex Post Facto Clause.

(Doc. No. 120 at 2-3). As Defendants indicate, it likely would be within the Court's discretion to decline to order declaratory relief on the grounds that it is unnecessary in light of the permanent injunction. But on balance, absent real opposition from Defendants, and the straightforward and at least somewhat helpful nature of the requested declaration, the Court believes that it is appropriate to issue a declaration largely (if not completely) as requested by Plaintiffs. Therefore, the Court will grant declaratory relief to Plaintiffs by declaring that SORA is unconstitutional under the Ex Post Facto Clause as applied to them by Defendants.[3] *See e.g.*, *Doe v. Rausch*, 461 F. Supp. 3d 747, 777 (E.D. Tenn. 2020) (issuing both declaratory relief and permanent injunction).

C. Attorney's Fees

The Court will defer ruling on the attorney's fees issues until Plaintiffs have filed their contemplated motion for attorney's fees after entry of the accompanying final order. This is consistent with the approach suggested, appropriately, by each side. (Doc. No. 119 at 15-19; Doc. No. 120 at 4).

---

[3] Plaintiffs argue that the declaration should state that no one is able to enforce SORA against Plaintiffs. (Doc. No. 121 at 3). The Court has previously explained that the permanent injunction is to be directed at Defendants and those discussed in Fed. R. Civ. P. 65(d)(2) who receive notice, and the declaratory relief will mirror the direction of the permanent injunction. The Court is confident that the scope of the declaration to be pronounced by the Court, which will be articulated so as to serve the Declaratory Judgment Act's goals of settling the controversy and legal relations *between the parties* primarily, will be adequate to get across its point without giving the false impression that it served to resolve a legal dispute involving would-be enforcers who were not actually litigants herein. Likewise, the Court is confident that as stated, its declaration will not place Plaintiffs in jeopardy of attempts to enforce SORA by persons other than Defendants and those discussed in Fed. R. Civ. P. 65(d)(2) who receive notice of the permanent injunction.

7

## **CONCLUSION**

For the reasons discussed herein, the Court will grant Plaintiffs a permanent injunction and declaratory relief to the extent indicated herein. The Court will defer ruling on attorney's fees until Plaintiffs have filed their contemplated motion.

An appropriate order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE