IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff,<br><br>vs.<br><br>WILLIAM B. LEE, et al.,<br>    Defendants. | Civil Action No. 3:16-cv-2862<br>Judge Richardson/Frensley |
| JOHN DOE #2<br>    Plaintiff,<br><br>vs.<br><br>WILLIAM B. LEE, et al.,<br>    Defendants. | Civil Action No. 3:17-cv-264<br>Judge Richardson/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is the Plaintiffs' Motion for Attorney's Fee Award. Docket No. 128. The Plaintiffs have filed a Memorandum of Law in Support of their motion. Docket No. 129. The Defendants have filed a Response to the motion. Docket No. 135. Plaintiffs have filed a Reply. Docket No. 136. For the reasons set forth herein, the undersigned recommends that the Plaintiffs' Motion for Attorney's Fee Award (Docket No. 128) be **GRANTED.**

## BACKGROUND

This is a consolidated action in which the Plaintiffs attacked the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004. *See* Tenn. Code Ann. §§ 40-39-201 through 40-39-218 ("SORA") alleging various constitutional violations. Following extensive briefing, the Court granted Plaintiffs' summary judgment motion regarding Plaintiffs' claim that the SORA, as applied to Plaintiffs violated the Ex Post Facto Clause of the United States Constitution. Docket No. 116. In that Order, the Court withheld

ruling on three issues ordering supplemental briefing from the Parties as to whether a permanent injunction should issue, and if so, the scope thereof; Plaintiffs' request for declaratory relief; and Plaintiffs' request for attorney's fees. *Id.* Following briefing, the Court granted Plaintiffs a permanent injunction and declaratory relief and deferred ruling on attorney's fees. Docket No. 126. Thereafter, Plaintiffs filed the instant motion for attorney's fees. Docket No. 128.

## LAW AND ANALYSIS

### A. Standard Of Review

The award of attorney's fees is within the sound discretion of the district court. *Smillie v. Park Chemical Co.,* 710 F. 2d 271, 275 (6th Circuit 1983)(*citing Ramey v. Cincinnati Inquirer Inc.*, 508 F. 2d. 1188, 1196 (6th Circuit 1974)). The district court must ultimately ensure that counsel is fairly compensated for the amount of work performed and the results achieved. *Rawlings v. Prudential-Bache Props Inc.,* 9 F. 3d 513, 516 (6th Circuit 1993). Moreover, the district court must determine the reasonableness of the fee request considering the particular circumstances of the litigation. *Rawlings,* 9 F. 3d at 516; *Smillie,* 710 F. 2d at 275.

The starting point for determining reasonableness of attorney fee is by utilizing the "Lodestar method." *Blum v. Stenson*, 465 U. S. 886, 896, n. 11, 104 S. Ct. 1541 (1984)*, The Northeast Ohio Coalition for the Homeless v. Hustead*, 831 F. 3d 686, 702 (6th Cir. 2016). "Lodestar" is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* Applicants seeking attorney's fees must exercise billing judgment, and the court may exclude hours that were not "reasonably expended." *Id.* The court has broad discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1944 (1983). The resulting amount may then be adjusted if necessary, under the circumstances of a particular case. *Moore v. Freeman,* 355 F. 3d 558, 565 (6th Circuit 2004). The party seeking an

award must submit evidence supporting the hours worked and the rates claimed. *Id.* In addition to consideration of the lodestar figure courts may consider other factors to determine if the fee is reasonable. *Cramblit v. Fikse*, 33 F. 3d 633 (6th Cir. 1994).

### B. The Plaintiffs' Fee Requests

The Plaintiffs seek attorney's fees to Doe #1 in the amount of $196,042.50 and to Doe #2 in the amount of $16,379.00. Docket No. 128. In support of their motion, they have filed a supporting memorandum of law as well as the declarations of Edward M. Yarbrough and David Raybin (Docket Nos. 128-1 and 128-2). Plaintiffs submit that their fee request is reasonable in light of the rates typically charged by counsel in the district in complex civil litigation matters, the qualifications and experience of Plaintiffs' counsel and the success achieved in the litigation. *Id.*

The Defendants have filed a Response in which they do not challenge the number of hours expended or requested hourly rates but argue that the Court should "exercise its discretion and determine an appropriate discount to be applied to Plaintiffs' fee request, in light of the fact that Defendants prevailed in part in both their motion to dismiss and their motion for summary judgment." Docket No. 135.

Plaintiffs have filed a Reply in which they contend that a reduction is not appropriate in that while they sought relief from SORA on multiple theories, the claims asserted were based on a common core of facts and intertwined in such a way that a reduction based upon their failure to obtain success as to each and every claim asserted is inappropriate and immaterial to the outcome in the case. Docket No. 136. They therefore renew their request for an award of attorney's fees as set forth in the original motion. *Id.*

Though not challenged by the Defendants, the Court finds that the hourly rates and

hours reasonably expended by Plaintiffs' counsel is appropriate. The first step in the Lodestar analysis is to determine if Plaintiffs' counsel has proffered a reasonable billing rate for their service. The Court is guided by the following instruction:

> In determining a reasonable hourly rate, "[t]he appropriate rate ... is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation. The market rate is "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.

*Miller v. Food Concepts, International, LP,* 2017 WL 5247542, at *3 (S. D. Ohio, November 13, 2017).

Based on the declarations filed in support of their motion by Plaintiffs' counsel, the Court finds that in light of counsel's education, skill and experience, the requested billing rates are reasonable.

Having concluded that the billing rates are reasonable, the next step is to determine the reasonableness of the hours expended in this case. In determining the hours that are reasonable in a case, "[t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Miller,* 2017 WL 5247542, at *6 (quoting *Wooldridge v. Marlene Indus.*, 898 F. 2d 1169, 1173 (6th Cir. 1990)). There is no precise rule or formula for making these determinations and "[t]he court need not reach auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011). The Court "may implement an across-the-board reduction by a certain percentage" and may also "take into account [its] overall sense of a suit; and . . . use estimates in calculating and allocating an attorney's time." *Miller,* 2017 WL 5247542, at *6 (internal quotations and citations omitted).

In challenging the reasonableness of the requests, the Defendants argue that Plaintiffs' attorney fees should be reduced to account for the fact that they failed on certain of the claims for which Defendants were granted judgment.

"[C]alculating the Lodestar amount does not end the inquiry on an attorney fee application because an award based on the total number of hours reasonably expended on the litigation might result in an excessive amount if the claimant achieved only partial success." *Robinson v. Hilton Hospitality,* 2008 WL 11455040, *6 (S. D. Ohio September 30, 2008)(citations omitted). "Nonetheless, the Lodestar amount can be adjusted downward if a Plaintiff only achieved partial success and the claims on which Plaintiff failed to prevail were unrelated to the claims on which she succeeded, or where Plaintiff did not achieve a degree of success that justified the requested fees." *Hensley*, 461 U. S. at 435. "When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorneys['] fees they should not be treated as distinct claims, and cost of litigating the related claims should not be reduced." *Thurman v. Yellow Freight Systems, Inc.* 90 F. 3d 1160, 1169 (6th Circuit 1996).

Here, Plaintiffs' claims are interrelated and share a common set of facts such that it would be improper to reduce their attorneys' fees award by the amount it cost to litigate the dismissed claims. At its core, this litigation was a challenge to the constitutionality of SORA. As would be expected, Plaintiffs asserted numerous grounds for relief both specific and general. Nonetheless, they were all related theories. For these reasons, the undersigned finds that it would be inappropriate to reduce the award of attorneys' fees. Further, the Court finds that the degree of success achieved by the Plaintiffs justify the fee awards in this case. Plaintiffs achieved both declaratory and injunctive relief as sought in the Complaint. Accordingly, there is no justification

to reduce the fee award on that basis.

For the reasons set forth herein, the undersigned recommends that the Plaintiffs' Motion for Attorney's Fee Award (Docket No. 128) be **GRANTED** and that the Court award attorney's fees to Doe #1 in the amount of $196,042.50; and to Doe #2 in the amount of $16,379.00.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**